**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Travis James Lee,

Defendant.

No.  CR-18-08319-PCT-DGC

**ORDER**

Defendant Travis Lee has filed a notice of eligibility for a sentence reduction under 18 U.S.C. § 3582(c).  Doc. 49.  The government has filed a response in opposition.  Doc. 54.  For reasons stated below, the Court will not reduce Defendant's sentence.[1]

**I.     Background.**

On July 23, 2017, while under the influence of alcohol, Defendant crashed and rolled the truck he was driving, causing the deaths of two victims.  Docs. 41 at 4-5, 45 at 6-7.  On August 14, 2019, Defendant pled guilty to two counts of involuntary manslaughter in violation of 18 U.S.C. § 1112.  Docs. 31, 34.  For purposes of sentencing, Defendant's

---

[1] In his plea agreement, Defendant waived "any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)."  Doc. 45 at 4-5.  Defendant filed the present notice to bring to the Court's attention his facial eligibility for a sentence reduction and the Court's ability to reduce a sentence on its own motion.  Doc. 49 at 1 n.1; *see* 18 U.S.C. § 3582(c)(2); *United States v. Black*, No. CR-18-08344-001-PCT-DJH, 2024 WL 5158603, at *2 (D. Ariz. Dec. 18, 2024).

1

total offense level was 21 with a criminal history category III, which was based on 5 criminal history points, including 2 "status points" under U.S.S.G. § 4A1.1(d).  Docs. 41 ¶¶ 35-40, 47 at 1.  This resulted in an initial guideline range of 46-57 months.  Doc. 41 ¶ 78.  In January 2020, the Court granted the government's motion for a 5-level upward variance and sentenced Defendant to 96 months in prison – one month below the high end of the guideline range with the upward variance.  Docs. 40, 43, 46.

**II.    Discussion.**

A district court may reduce a defendant's prison sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if, "after considering the factors set forth in [§] 3553(a)," the court determines that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The parties agree that Defendant is statutorily eligible for a potential sentence reduction based on Amendment 821 to the United States Sentencing Guidelines, which eliminated the "status points" previously awarded under former U.S.S.G. § 4A1.1(d) for individuals with 6 or fewer criminal history points.  Docs. 49 at 2-4, 55 at 3-4; *see* U.S.S.G. § 1B1.10(d).  Under Amendment 821 and its elimination of status points, Defendant would have had a criminal history category of II with a guideline range of 41-51 months.  Defendant seeks a 10-month reduction in sentence, explaining that an 86-month sentence would be proportional to his amended guideline range of 41-51 months (one month below the high end of the amended guidelines range after a 5-level upward variance).  Doc. 49 at 2 & n.2.

The government opposes any reduction in sentence based on the § 3553(a) factors and Defendant's significant criminal history, severe alcohol problem and drug use, and multiple disciplinary infractions while incarcerated.  Doc. 54 at 4-6.  Defendant has filed no reply, and simply states in his notice that an 86-month sentence "is consistent with the stated policy of the Sentencing Commission as well as the § 3553(a) factors."  Doc. 49 at 4.

Defendant's current projected release date is September 12, 2026.  *See* Fed. BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 21, 2026).  Thus, the

requested sentence reduction would result in a time-served sentence and Defendant's immediate release from prison.  *See* Doc. 55 at 28.

The Court shares the government's concerns about granting Defendant an early release.  Defendant's numerous encounters with law enforcement arising out of his alcohol abuse date back to August 2000, when he was 18 years old.  Doc. 41 ¶¶ 45-50.  In 2005, Defendant was convicted of voluntary manslaughter after shooting the victim in the stomach with a .22-caliber rifle.  *Id.* ¶ 37.  While incarcerated for that offense, Defendant incurred 26 disciplinary infractions including drug use, assault, threating other inmates, and possessing weapons.  *Id.*  Only ten days after his release from custody, Defendant killed the two victims in this case when he rolled his vehicle while driving with a blood alcohol content of 0.24.  *Id.* ¶¶ 1-7.  And before his detention in this case, he was arrested three more times for firing a weapon, public intoxication, and driving under the influence of alcohol and fleeing law enforcement.  *Id.* ¶¶ 41-43.  While incarcerated this time, Defendant had a disciplinary infraction for assault.  Doc. 55 at 27-28, ¶ 30.  The Court concludes that it must protect the public through the end of Defendant's sentence.

**IT IS ORDERED** that Defendant's notice of eligibility and request for a sentence reduction (Doc. 49) is **denied**.

Dated this 26th day of May, 2026.

_David G. Campbell_

David G. Campbell
Senior United States District Judge